IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEALON WYATT, JR., et al. )
)
v. ) NO. 3:05-0834
) JUDGE CAMPBELL
TENNESSEE VALLEY AUTHORITY )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 28). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is dismissed.

FACTS

This action arises from Plaintiff Lealon Wyatt's[1] employment with Trans-Ash, Inc., a subcontractor of Defendant Tennessee Valley Authority ("TVA"), Trans-Ash's termination of Plaintiff's employment, and TVA's subsequent imposition of a three-year ban of Plaintiff from employment on TVA jobs.

On June 25, 2003, Plaintiff submitted to a drug test,[2] pursuant to Trans-Ash's agreement with TVA to maintain a pre-employment drug screening program for its employees expected to perform work on any TVA site.

On July 2, 2003, Trans-Ash terminated Plaintiff's employment because of positive drug test results. Subsequently, Trans-Ash notified TVA of Plaintiff's test results. Under TVA's policy, TVA

---

[1] Lealon Wyatt's wife, Martha Wyatt, is also a Plaintiff in this action, claiming the loss of consortium. Because her claim is entirely derivative of her husband's claim, "Plaintiff" as used herein refers to Plaintiff Lealon Wyatt.

[2] Prior to this drug test, Plaintiff had been employed by Trans-Ash from November 2002 until January 2003, when he was laid off because of a lack of work. On June 25, 2003, Trans-Ash rehired Plaintiff to work on a TVA project.

then placed a security restriction on Plaintiff, precluding him from employment on any TVA site for three years.

Plaintiff's Complaint alleges that Trans-Ash wrongfully terminated Plaintiff's employment in reliance on an improperly administered drug test, although Trans-Ash is not a Defendant herein.[3] Plaintiff contends that, by banning him from employment based upon the allegedly faulty test results, Defendant TVA has interfered with Plaintiff's contractual relations and prospective employment relations.[4]

Defendant has moved for summary judgment, arguing that the statute of limitations bars Plaintiff's claims and that Plaintiff cannot establish the elements required to show interference with contractual or employment relations. Defendant contends, among other things, that Plaintiff's complaint is with Trans-Ash, not with Defendant.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

---

[3] There is mention in the record of litigation by Plaintiff against Trans-Ash, but there is no evidence before this Court as to the result of any such litigation.

[4] Plaintiff has conceded that the defamation claim in his Complaint cannot be maintained. Docket No. 30, p. 2.

2

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## STATUTE OF LIMITATIONS

Defendant argues that Plaintiff's interference with contractual and employment relations claims are barred by Tennessee's one-year statute of limitations for "injuries to the person." Tenn. Code Ann. § 28-3-104(a)(1). Plaintiff contends that his claims fall within the scope of Tennessee's three-year statute of limitations for "injuries to personal or real property." Tenn. Code Ann. § 28-3-105(1).

The Court finds that the three-year statute of limitations found in § 28-3-105 applies to Plaintiff's claims. Smith v. Rosenthal Collins Group, LLC, 340 F.Supp. 2d 860, 864 (W.D. Tenn. 2004); Carruthers Ready-Mix, Inc. v. Cement Masons Local Union No. 520, 779 F.2d 320, 324 (6th Cir. 1985); Hamilton County Emergency Communications District v. Orbacom Communications Integrator Corp., 2006 WL 228893 at * 8 (E.D. Tenn. Jan. 30, 2006). Accordingly, Defendant's Motion for Summary Judgment on this basis is DENIED.

## TORTIOUS INTERFERENCE WITH CONTRACT

Tennessee law recognizes both a common law action and a statutory action for inducement to breach a contract. Carruthers Ready-Mix, 779 F.2d at 323; Edwards v. Travelers Ins. of Hartford, Conn., 563 F.2d 105, 119 (6th Cir. 1977). The statute, Tenn. Code Ann. § 47-50-109, is declaratory

3

of the common law except as to the amount of damages that may be recovered against a wrongdoer. Smith v. Harriman Utility Bd., 26 S.W.3d 879, 886 (Tenn. Ct. App. 2000).

The elements of a cause of action for procurement of the breach of a contract are: there must be a legal contract; the wrongdoer must have knowledge of the existence of the contract; there must be an intention to induce its breach; the wrongdoer must have acted maliciously; there must be a breach of the contract; the act complained of must be the proximate cause of the breach of the contract; and, there must have been damages resulting from the breach of the contract. Smith, 26 S.W.3d at 886; Myers v. Pickering Firm, Inc., 959 S.W.2d 152, 158 (Tenn. Ct. App. 1997).

Plaintiff contends there are two contracts at issue here: first, his contract for employment with Trans-Ash, and second, his contract with his Union (Operating Engineers Local 369). Docket No. 30. Plaintiff alleges that Defendant's implemented drug policies and procedures led to a breach of his contract of employment, which was his firing. Plaintiff also argues that Defendant's ban of Plaintiff from work on TVA facilities breached his contract with the Union by causing a lack of work to be offered to Plaintiff through his Union.

Assuming for purposes of this motion that Plaintiff was a party to two contracts and that Defendant had knowledge of the existence of these contracts, which the Court does not find, Plaintiff must also show a malicious intent by Defendant to induce breaches of these contracts. Nowhere in Plaintiff's Complaint (Docket No. 1) or its Amendment (Docket No. 20) does Plaintiff allege malice.

There is no dispute that Defendant requires its contractors to maintain a pre-employment drug screening program for its employees who work on TVA sites. Docket No. 27, ¶ 4. Once notified that an employee has tested positive on the drug test, TVA places a security restriction on that employee, precluding him from employment on TVA sites for three years. When Plaintiff

4

inquired of TVA about his security restriction, TVA informed Plaintiff that if he had issues surrounding the drug test results, he needed to address them through the company which administered the drug tests, Trans-Ash. Id, ¶ 11. It is undisputed that if the positive test results had been reversed and Trans-Ash had so informed Defendant, the three-year security restriction would have been removed. Id. There is no evidence Plaintiff was treated any differently than any other employee of a TVA contractor whose drug tests come back positive. There is no evidence that TVA's drug policies were not consistently and uniformly applied in cases in which employees of contractors tested positive. There is no evidence Plaintiff was singled out or that Defendant had malicious intent toward Plaintiff when it implemented its established security restrictions against him.

Plaintiff was an employee of Trans-Ash, not of TVA. As Defendant noted in response to inquiries about Plaintiff's security restrictions, because his employment relationship was with Trans-Ash and not TVA, it was appropriate for Plaintiff to seek resolution of his issues with Trans-Ash, since he had tested positive under Trans-Ash's drug and alcohol policy and drug testing. Plaintiff has not shown that there was a breach of his contract with Trans-Ash, but even if he had, that breach was not a proximate result of Defendant's security restriction; it was a proximate result of his testing positive for drugs.[5]

---

[5] Moreover, Plaintiff's employment with Trans-Ash was terminated on July 2, 2003, seven days before Trans-Ash notified TVA of his drug test results. TVA's actions in response to that notification could not have been the proximate cause of Plaintiff's firing.

5

For these reasons, at a minimum, Plaintiff cannot establish malice or proximate cause, elements required to show tortious interference with his Employment Agreement with Trans-Ash.[6]

As for his contract with the Union, Plaintiff has failed to show any breach of that contract as well. There is no allegation or evidence that the Union breached any of its responsibilities toward the Plaintiff. If there is no breach, there can be no tortious interference claim. In addition, as with the allegations concerning Plaintiff's contract with Trans-Ash, Plaintiff has shown no evidence of malice.

For these reasons, Plaintiff's tortious interference with contract claims have no merit, and Defendant's Motion for Summary Judgment on those claims is GRANTED.

TORTIOUS INTERFERENCE WITH PROSPECTIVE EMPLOYMENT

The tort of intentional interference with business relationships was officially adopted in Tennessee in the case of Trau-Med of America, Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 701 (Tenn. 2002). To establish a cause of action for this tort, Plaintiff must demonstrate: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) Defendant's knowledge of that relationship and not a mere awareness of Plaintiff's business dealings with others in general; (3) Defendant's intent to cause the breach or termination of the business relationship; (4) Defendant's improper motive or improper means; and (5) damages resulting from the tortious interference. Id.; Matthews v. Storgion, 2006 WL 988792 at * 4 (6th Cir. April 17, 2006).

---

[6] Plaintiff argues that TVA was unwilling to help Plaintiff "gain the attention of Trans-Ash" and unwilling to "help rectify the situation." Docket No. 30, pp. 9 and 10. Plaintiff has cited nothing to support the premise that TVA had any such duty to help.

For the reasons set forth above, Plaintiff has failed to establish Defendant's intent to cause the breach or termination of any business relationship. In addition, Plaintiff had not established any improper motive or improper means. To show improper motive, a plaintiff must demonstrate that the defendant's predominant purpose was to injure the plaintiff. Trau-Med, 71 S.W.3d at 701, n. 5; Bolton v. Morgan, 2006 WL 840422 at * 5 (W.D. Tenn. March 29, 2006). TVA's legitimate purpose in banning employees who test positive on drug tests is to comply with the Drug Free Workplace Act and TVA policies related thereto, not to injure Plaintiff. Finally, as indicated above, the proximate cause of Plaintiff's firing and his ban from TVA's work sites was his positive drug testing, not any actions by TVA.

For these reasons, Defendant's Motion for Summary Judgment on this issue is GRANTED, and Plaintiff's claim for intentional interference with prospective business or employment relationships is dismissed.

## LOSS OF CONSORTIUM

Because Plaintiff Lealon Wyatt's claims have been dismissed, Plaintiff Martha Wyatt's derivative loss of consortium claim is dismissed as well. See Clark v. Shoaf, ___ S.W.3d ___, 2006 WL 859197 at * 2 (Tenn. Ct. App. April 4, 2006) (although loss of consortium claim is a distinct and independent action, it is derivative in that it originates from or owes its existence to the spouse's claim). Accordingly, Defendant's Motion for Summary Judgment is GRANTED on the loss of consortium claim, and that claim is dismissed.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7

8